UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BELLINDA MORALES, AMANTINA SOSA, and NARAYNA CASTRO, *on behalf of themselves and others similarly situated*, <br><br> *Plaintiffs*, <br><br> -against- <br><br> COMMUNITY MOBILE TESTING, INC.; and LABQ DIAGNOSTICS, LLC, <br><br> *Defendants*, | Civil Action No. <br><br> **FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff Bellinda Morales ("Plaintiff Morales"), Amantina Sosa ("Plaintiff Sosa"), and Narayna Castro ("Plaintiff Castro") on behalf of themselves and others similarly situated (collectively, "Plaintiffs"), bring this action as class representatives, for damages and other legal and equitable relief against Community Mobile Testing, Inc.; and LabQ Diagnostics LLC (collectively referred to hereinafter as "Defendants"), upon personal knowledge as to herself and upon information and belief as to others, for violations of the New York State Labor Law ("NYLL"), the New York Code of Rules and Regulations ("NYCRR"), The New York Wage Theft Prevention Act, the Fair Labor Standards Act ("FLSA") and other causes of action that can be inferred from the facts set forth herein:

1. Defendants operate approximately 138 "mobile" COVID-19 testing locations in the State of New York.

2. Defendants operate brick-and-mortar laboratory facilities in at least two locations in New York State.

3. Defendants were, and are, covered employers within the meaning of the NYLL, and at all times relevant, employed Plaintiffs and other similarly situated Manual Workers.

1

4. At all relevant times, Defendants have compensated Plaintiffs and similarly situated employees on a bi-weekly basis.

5. Defendants have failed to properly pay Plaintiffs and others their wages within seven calendar days after the end of the week in which these wages were earned.

6. Defendants also improperly deducted 30 mins for lunch breaks from Plaintiffs' hours and from similarly situated workers despite the fact that Plaintiffs were often unable to take a complete, uninterrupted and regularly scheduled lunch break.

7. Defendants also improperly calculated overtime hours by failing to include hours paid to workers who contracted Covid on the job and were entitled to "Covid Pay".

8. Defendants also failed to pay at least the minimum wage for all hours worked, including time spent by Manual Workers completing required online trainings and certification courses.

9. Plaintiffs bring this action on behalf of themselves and all other similar situated workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 191, 195. ("NYLL") and the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a) ("FLSA").

10. Workers similarly situated to Plaintiffs include all employees of Defendants who worked at one or more of Defendants' mobil test sites during the relevant statutory period. This complaint refers to Plaintiffs and those similarly situated as "Manual Workers".

11. The relevant statutory period is six years preceding the date of the filing of this complaint.

**PARTIES**

12. Plaintiff Morales is an adult, over eighteen years old, a citizen of New York State and resides in Bronx County, New York.

13. Plaintiff Morales was, throughout her entire employment with Defendants, a covered, non-exempt employee within the meaning of the NYLL. As such, Plaintiff was, and is, entitled to be paid in full for all hours worked.

14. Plaintiff Sosa is an adult, over eighteen years old, a citizen of New York State and resides in Bronx County, New York.

15. Plaintiff Sosa was, throughout her entire employment with Defendants, a covered, non-exempt employee within the meaning of the NYLL. As such, Plaintiff Sosa was, and is, entitled to be paid in full for all hours worked.

16. Plaintiff Narayna Castro is an adult, over eighteen years old, a citizen of New York State and resides in Bronx County, New York.

17. Plaintiff Castro was, throughout her entire employment with Defendants, a covered, no-exempt employee within the meaning of the NYLL. As such, Plaintiff Castro was, and is, entitled to be paid in full for all hours worked.

18. Defendant Community Mobile Testing, Inc. (the entity listed on Plaintiffs' paystubs) is a domestic business corporation, organized and existing under the laws of the State of New York, with a service of process listed as 140 58th Street, Bldg A Suite 3L, Brooklyn, NY 11220.

19. Defendant LabQ Clinical Diagnostics LLC is a domestic limited liability corporation, organized and existing under the laws of the State of New York, with a service of process listed as 140 58th Street, Bldg A Unit 3L, Brooklyn, NY 11220.

20. Defendants were, and are, covered employers within the meaning of the NYLL, and at all times relevant, employed Plaintiffs.

21. Defendants maintained control, oversight, and direction over Plaintiffs and similar Manual Workers, including timekeeping, payroll, and other employment practices that applied to them.

22. The Defendants all simultaneously employed Plaintiffs within the meaning of NYLL.

23. The Defendants are considered a large employer, having at least eleven (11) or more employees during the duration of Plaintiffs' employment.

24. Defendants maintained control, oversight, and direction over Plaintiffs in regards to timekeeping, payroll, and other employment practices, and functioned as employers pursuant to the NYLL.

25. Defendants, by virtue of ownership, management, and control over the wages and work of Plaintiffs and other Manual Employees, are each considered employers under NYLL §190(3).

26. Upon information and belief, Defendants apply the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

27. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

28. There are over 100 members in the proposed class.

29. Defendants are subject to personal jurisdiction in New York.

30. Venue is proper in the Southern District of New York pursuant to 28 U.S.C § 1391(b)(2) because of substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiffs bring this action individually and as the class representatives on behalf of the "Proposed FLSA Collective" defined as:

> All employees who were employed by Defendants during the Covid-19 pandemic and worked at a mobil testing site in New York State who give their consent, in writing, to become party plaintiffs (hereinafter the "FLSA Class").

32. Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

33. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

34. This action should be certified as a collective action because the prosecution

of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

35. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

36. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

(1) Whether Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

(2) What proof of hours worked is sufficient where the employer fails in its duty to maintain time records during Plaintiffs and the Collective Action Members' deployment;

(3) Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

(4) Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated, and statutory damages, interest, attorneys' fees, and costs and disbursements;

37. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

38. Plaintiffs and other similarly situated employees have been substantially damaged by Defendants' wrongful conduct.

## CLASS ALLEGATIONS

39. Plaintiffs brings this action, NYLL and FLSA claims, pursuant to the Class Action Fairness Act, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked at one or more of Defendants' mobil testing sites New York between May 20, 2016 and the date a class is certified in this action (the "Class");

40. The members of the Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

41. There are more than one hundred members of the Class.

42. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

43. Plaintiffs and the Class have all been injured in that they have been compensated in an untimely manner and were not paid the required minimum wage and overtime pay due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected everyone in the Class similarly,

and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class.

44. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

45. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

46. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

47. Common questions of law and fact exist as to the Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

   a. whether Defendants compensated Plaintiff and the New York Class on a timely basis.

   b. Defendants' policies and procedures for when Manual Workers are permitted to take lunch breaks, tracking the time of those breaks, and accounting for those breaks when calculating weekly hours.

   c. Defendants' policies and procedure for calculating weekly overtime hours in

connection with weeks when Manual Workers earned "Covid Pay".

d. Whether Defendants paid at least the minimum wage for all hours worked, including hours worked by Manual Workers completing online trainings and certifications.

## PLAINTIFFS' FACTUAL ALLEGATIONS

*Plaintiff Bellinda Morales*

48. Plaintiff Morales was employed by Defendants as a laboratory technician or "swabber." During her employment, Plaintiff Morales worked for Defendants outdoors in and around mobile testing units based in vans.

49. During her employment, over twenty-five percent of Plaintiff Morales' duties were physical tasks, including but not limited to setting up mobil testing locations, standing outside Defendants' vans on nearby sidewalks like a street vendor to advertise testing to potential patients, performing nasal swab tests, answering patient questions, storing samples, and maintaining personal protection equipment and testing supplies.

50. Despite regularly spending more than twenty-five percent of her shift performing these physical tasks, Plaintiff Morales has been compensated by Defendants on a bi-weekly basis.

51. For example, for the pay period beginning on January 2, 2022 and ending January 15, 2022, Plaintiff Morales received her lawfully earned wages on January 20, 2022.

52. In this regard, Defendants failed to pay Plaintiff Morales her wages earned from January 2, 2022 to January 8, 2022 by January 9, 2022, as required by NYLL § 191(1)(a).

53. Plaintiff Morales was required to take online training and certifications.

Plaintiff Morales spent several hours fulfilling this requirement but was not paid any compensation for those hours.

***Plaintiff Amantina Sosa***

54. Plaintiff Amantina Sosa began working as a laboratory technician or "swabber" conducting COVID-19 nasal swab tests for Defendants on August 21, 2021 for $18 per hour until the termination of her employment in January 2022.

55. During her employment, over twenty-five percent of Plaintiff Sosa's duties were physical tasks, including but not limited to setting up mobil testing locations, standing outside Defendants' vans on nearby sidewalks like a street vendor to advertise testing to potential patients, performing nasal swab tests, answering patient questions, storing samples, and maintaining personal protection equipment and testing supplies.

56. Despite regularly spending more than twenty-five percent of her shift performing these physical tasks, Plaintiff Sosa has been compensated by Defendants on a bi-weekly basis.

57. For example, for the pay period beginning on December 5, 2021 and ending December 18, 2021, Plaintiff Sosa received her lawfully earned wages on December 23, 2021.

58. In this regard, Defendants failed to pay Plaintiff Sosa her wages earned from December 5, 2021 to December 11, 2021 by December 12, 2021, as required by NYLL § 191(1)(a).

59. Plaintiff Sosa was required to take a two hour training, for which she was not paid.

60. Plaintiff Sosa's 30 min lunch breaks were cut short on at least two occasions.

On each of these occasions her hours in that pay period were still reduced by 30 mins each day for lunch breaks. Defendants berated Plaintiff Sosa and complained when she tried to take her full 30 min lunch break each day.

***Plaintiff Narayana Castro***

61. Plaintiff Castro began working for Defendants on November 14, 2021 as a laboratory assistant or "swabber" performing COVID-19 nasal swab tests for $18 per hour and continues to be employed there. She performed duties similar to the other plaintiffs.

62. Defendants required Plaintiff Castro to take a six hour orientation course but failed to compensate her for those six hours.

63. Defendants as a matter of practice deducted 30 mins per day from Plaintiffs' hours to account for lunch breaks, but Ms. Castro did not always receive a complete, uninterrupted and regularly scheduled 30 minute lunch break.

64. Plaintiff Castro was required to take online training and certifications. Plaintiff Castro spent several hours fulfilling this requirement but was not paid any compensation for those hours.

65. Upon information and belief, Defendants made the same automatic 30 min deduction from the hours worked by all Manual Workers.

66. Plaintiffs and other Manual Workers routinely worked through their shifts with no lunch breaks due to staffing shortages and workflow issues. As such, Plaintiffs were not paid for 30 mins of their work on each day they were forced to work through their shifts with no lunch break.

67. Plaintiff Morales, and upon information and belief, all Manual Workers, worked more than 40 hours per week on a semi-regular basis due to staffing shortages,

workflow issues, and strong public demand for testing during the COVID-19 pandemic and government subsidies to provide for free public testing in New York. On some of her paystubs, her pay reflected time and a half to account for overtime pay over 40 hours. However, even when some overtime pay was accounted for, it still fell short on days when Plaintiff Morales had to work through her lunch break.

**FIRST CAUSE OF ACTION**
**FLSA – Minimum Wage and Overtime**

68. Plaintiffs reallege and reaver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

69. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

70. Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

71. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

72. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

73. Plaintiffs were entitled to be paid at a level at or above minimum wage for all hours worked. Plaintiffs were entitled to be paid at the regular rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

74. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

75. At all relevant times, Defendants had, and continue to have a policy and

practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

76. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiffs.

77. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

78. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

79. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

80. Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

81. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**(Brought on behalf of Plaintiffs and the Class)**

*Violations of the New York Labor Law*

*Failure to Pay Required Minimum Wage and Overtime*

82. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

83. At all relevant times, Defendants employed Plaintiffs within the meaning of New York Labor Law §§ 2 and 651.

84. Defendants knowingly and willfully violated the rights of Plaintiffs by failing to pay Plaintiffs the minimum wage for all hours worked.

85. Defendants knowingly and willfully violated the rights of Plaintiffs by failing to pay Plaintiffs the required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

86. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the NYLL.

87. Defendants failed to keep true and accurate records of hours worked by each employee by an hourly wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor law § 661.

88. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants the minimum wage rate for all hours worked.

89. Plaintiffs are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## THIRD CAUSE OF ACTION

**(Brought on behalf of Plaintiffs and the Class)**

*Violations of the New York Labor Law – Failure to Pay Timely Wages*

90. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

91. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiffs and the Class.

92. Defendants failed to pay Plaintiffs and the Class on a timely basis as required by NYLL § 191(1)(a).

93. Due to Defendants' violations of the NYLL, Plaintiffs and the Class are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiffs as representative of the Class and counsel of record as Class Counsel;

C. Liquidated damages permitted by law pursuant to the NYLL;

D. Liquidated damages permitted by law pursuant to the FLSA;

E. Prejudgment and post-judgment interest;

F. Reasonable attorneys' fees and costs of the action on the basis of being the prevailing

party in an FLSA action, and, separately, in a NYLL action to recover wage underpayments; and

G. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Pursuant to FRCP 38 Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
     May 20, 2022

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 Third Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiffs and Rule 23 Proposed Class*