UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BELLINDA MORALES, AMANTINA SOSA, and NARAYNA CASTRO, *on behalf of themselves and others similarly situated*,

                Plaintiffs,

v.

COMMUNITY MOBILE TESTING, INC.; and LABQ DIAGNOSTICS, LLC,

                Defendants.

No. 22-CV-4190 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

It has been reported to the Court that this Fair Labor Standards Act ("FLSA") case has been settled. No later than November 25, 2022, the parties shall take one of the following actions:

1. Consent to conducting all further proceedings before Magistrate Judge Cott by completing the attached consent form, which is also available at http://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-civil-action-magistrate-judge.  As the form indicates, no adverse substantive consequences will arise if the parties choose not to proceed before Judge Netburn.

2. Submit a joint letter setting forth their views as to why their settlement is fair and reasonable and should be approved, accompanied by all necessary supporting materials, including contemporaneous billing records for the attorney's fees and costs provided for in the settlement agreement. In light of the presumption of public access attaching to "judicial documents," *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), the parties are advised that materials on which

the Court relies in making its fairness determination will be placed on the public docket, *see Wolinsky v. Scholastic Inc.*, No. 11-CV-5917 (JMF), 2012 WL 2700381, at *3–7 (S.D.N.Y. July 5, 2012).

The parties are advised, however, that the Court will not approve of settlement agreements in which:

(a) Plaintiffs "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (internal quotation marks omitted); and

(b) Plaintiffs are "bar[red] from making any negative statement about the defendants," unless the settlement agreement "include[s] a carve-out for truthful statements about [P]laintiffs' experience litigating their case," *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (internal quotation marks omitted).

SO ORDERED.

Dated:  October 25, 2022
        New York, New York

                                            Ronnie Abrams
                                            United States District Judge