UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BELLINDA MORALES, AMANTINA SOSA, and NARAYNA CASTRO, on behalf of themselves and others similarly situated,

                Plaintiffs,

v.

COMMUNITY MOBILE TESTING, INC.; and LABQ DIAGNOSTICS, LLC,

                Defendants.

No. 22-cv-4190 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      Plaintiffs initiated this action alleging violations of the Fair Labor Standards Act and New York State and New York City law on May 20, 2022. On October 24, 2022, the parties stipulated to dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). The following day, the Court issued an order instructing the parties to either consent to further proceedings before Magistrate Judge Cott, or submit a joint letter explaining why their settlement was fair and reasonable and should be approved. That same day, Plaintiffs submitted a letter to the Court explaining that the parties had stipulated to dismissal without having reached a settlement agreement. Dkt. 20. Plaintiffs further explained that they "are choosing not to prosecute the FLSA claim" because "Plaintiffs' counsel reviewed the discovery provided during the Court-ordered mediation process and determined the claim is not viable." *Id*. Plaintiffs therefore requested that the Court order the dismissal of the case without the customary review pursuant to the Second Circuit's holding in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

      In *Cheeks*, the Second Circuit made clear that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take

effect." 796 F.3d at 206. The Second Circuit reasoned that judicial approval in FLSA dismissals is necessary to avoid "the potential for abuse" where the parties enter into an agreement "that may later be enforceable." *Id*.

In light of Plaintiffs' representation that the parties have not entered into an enforceable settlement agreement, however, and because the stipulation dismisses Plaintiffs' claims without prejudice to asserting their claims at a later date, dismissal here does not raise the concerns the Second Circuit considered in *Cheeks*. *Cf. Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810 (2d Cir. 2022) (holding that parties' dismissal of claims without prejudice are subject to court review because a plaintiff "could unwittingly sign away FLSA claims in a secret settlement while representing to the district court that the dismissal is without prejudice"). Moreover, because the parties have not entered into a settlement agreement, there is no indication that they are attempting "an end-run around the protections for workers provided in *Cheeks*" by agreeing to a dismissal without prejudice while also agreeing to settlement terms that preclude any future claims. *King v. Fedcap Rehab. Servs., Inc.*, No. 20-CV-1784 (VSB), 2021 WL 1725703, at *1 (S.D.N.Y. Mar. 4, 2021); s*ee also Seck v. Dipna Rx., Inc.*, 16-cv-7262 (PKC), 2017 WL 1906887 (S.D.N.Y. May 8, 2017). The Court therefore so orders the parties' stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). The Clerk of Court is respectfully requested to close this case.

SO ORDERED.

Dated:   October 28, 2022
         New York, New York

_____
Ronnie Abrams
United States District Judge